[S.F. No. 23211. In Bank. Apr. 4, 1975.]

CITY AND COUNTY OF SAN FRANCISCO et al., Petitioners, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN
FRANCISCO, Respondent;
GEORGE A. BANGS et al., Real Parties in Interest.

934

COUNSEL

Thomas M. O'Connor, City Attorney, and George E. Baglin, Deputy City Attorney, for Petitioners.

Evelle J. Younger, Attorney General, Carl Boronkay, Assistant Attorney General, Anthony C. Joseph and Anthony M. Summers, Deputy Attorneys General, as Amici Curiae on behalf of Petitioners.

No appearance for Respondent.

Littler, Mendelson & Fastiff, J. Richard Thesing, William C. Wright and Nancy L. Ober for Real Parties in Interest.

William L. Ferdon, Robert W. Tollen and Chickering & Gregory as Amici Curiae.

OPINION

**TOBRINER, J.—** ▪ Petitioners, the City and County of San Francisco and individual members of the city's board of supervisors, seek a writ of prohibition to restrain the superior court from enforcing an order

requiring the individual supervisors to attend depositions scheduled in connection with a pending taxpayer action. As explained below, we have determined that the requested writ should be denied.

This discovery matter arises in connection with one of the two taxpayer actions underlying the mandate action of *City and County of San Francisco* v. *Cooper, ante,* page 898 [120 Cal.Rptr. 707, 534 P.2d 403]. The entire background of the litigation is discussed in full in the *Cooper* decision.

After filing the taxpayer action challenging the validity of the city salary standardization ordinance, George Bangs sought to depose each of the individual supervisors who had participated in the board action adopting the ordinance. When the individual supervisors refused to appear at noticed depositions, Bangs sought and obtained a superior court order directing the individual members of the board to be present at depositions noticed by Bangs and to answer all relevant questions propounded by him. The superior court order, however, specifically preserved each deponent's right to object to any individual questions that might be posed.[1] It is the enforcement of this initial order which petitioners now seek to restrain.

In the recent case of *County of Los Angeles* v. *Superior Court (Burroughs)* (1975) *ante,* page 721 [119 Cal.Rptr. 631, 532 P.2d 495], we examined at some length the longstanding judicial principle barring judicial inquiry into legislative motivation and explained that such principle precludes a court from requiring legislators to answer questions which relate to the legislators' reasons for voting for or against a legislative measure. Although this principle is fully applicable to the instant case, unlike *Burroughs,* no court in this matter has yet ordered the individual legislators to answer such improper questions. As noted, the superior court has to date only ordered the legislators to *appear* at

[1] The order reads in full:
"IT IS ORDERED that Ronald Pelosi, Diane Feinstein, Dorothy van Beroldingen, Terry A. Francois, Robert E. Gonzales, John Molinari, John J. Barbagelata, Peter Tamaras, Robert Mendelson, Alfred Nelder, Robert J. Dolan and Margaret Maguire and each of them are to appear before a notary public at such times and places as may be fixed by stipulation of the parties or at such times and places as plaintiff may designate on ten days written notice to each of them, at depositions upon oral examination and answer all questions propounded to each of them relevant to the subject matter of the above-captioned action and that Robert J. Dolan and Margaret Maguire there and then produce the documents covered by the subpoena duces tecums heretofore served upon them. Rights of objection to individual questions and items preserved."

depositions; the challenged order fully preserves the legislators' right to refuse to answer improperly intrusive questions.

Under these circumstances, we believe the petitioners' request for relief by extraordinary writ is premature. In light of our *Burroughs* decision, the local legislators may clearly refuse to answer any questions which attempt to probe their mental processes or the motivation behind their votes. On the other hand, however, the taxpayer may well wish to ask the legislators about quite legitimate matters. Petitioners have cited no authority which goes so far as to grant local legislators an absolute privilege to refuse to appear at a deposition and reveal relevant information; only recently the United States Supreme Court has rejected a similar claim of privilege from the normal judicial process proffered by the President of the United States. (*United States* v. *Nixon* (1974) 418 U.S. 683, 705-714 [41 L.Ed.2d 1039, 1062-1067, 94 S.Ct. 3090].)

Accordingly, the alternative writ heretofore issued is discharged and the peremptory writ is denied.

Wright, C. J., McComb, J., Mosk, J., Sullivan, J., Clark, J., and Richardson, J., concurred.

Petitioners' application and the petition of real parties in interest unions for a rehearing were denied May 1, 1975.